## DUFF v. DAVIS GLASS CO.

(Circuit Court, Western District of Pennsylvania. July 8, 1899.)

No. 7.

PATENTS—INFRINGEMENT—GAS PRODUCERS.

The Duff reissued patent, No. 11,523 (original No. 517,271), for an improvement in gas producers, was not anticipated by anything in the prior art, and the invention described is of a high order of merit. Also *held* infringed as to claims 1 and 2.

In Equity. This was a suit in equity for infringement of a patent. On final hearing.

Bakewell & Bakewell, for complainant.

E. S. Craig, John H. Roney, and J. Snowden Bell, for respondent.

ACHESON, Circuit Judge. The bill charges the defendant with infringement of reissued letters patent No. 11,523, dated January

28, 1896, for an improvement in gas producers, granted to the complainant as assignee of the inventor, Edward James Duff, to whom the original letters patent, No. 517,271, were issued on March 27, 1894. The original specification is embodied in the specification of the reissued patent, and the first and second claims of the reissue are identical with the claims of the original patent. The reissued patent contains a new claim, numbered 3. Under the proofs, however, it will not be necessary for the court to consider any question touching the validity or infringement of this new claim; for, if the defendant infringes the reissued patent at all, the device complained of is clearly covered by the first and second claims. Those claims are as follows:

(1) A gas producer provided with a water-sealed bottom trough, and a casing located in the lower portion of the producer, provided with an inlet for air from a blower, and with a cover of gratings inclined from the sides of the casing upward to a middle angular ridge, and free spaces between the said casing and the sides of the producer for the residues to pass from the gratings of the said casing to the water trough, substantially as and for the purposes set forth. (2) A gas producer of rectangular section, provided with a water-sealed bottom trough and transverse casing extending from side to side of the producer and across the center thereof, the said casing being provided with an inlet for air from a blower, and with a cover having vertical openings therein, said cover being inclined upward from its opposite sides to a middle angular ridge, and free spaces on the opposite sides between the casing and the sides of the producer, all substantially as and for the purposes set forth.

The distinguishing features of the gas producer described in the patent in suit are a bottom casing or chamber, into which the blast of air and steam is delivered; a top or cover for this casing or chamber, consisting of outwardly inclined gratings having openings to distribute the blast under the body of the fuel, and forming also guiding surfaces, down which the residual ashes will slide towards the exterior of the producer, and free spaces between the lower edges of the inclined gratings and the walls of the producer, through which the ashes will descend into a water trough which seals the bottom of the producer, and from which trough the removal of the ashes is effected without making any opening into the producer, and without any interruption of the air blast. These features are covered by the first and second claims of this patent. I have carefully examined the prior patents in evidence in connection with the testimony relating thereto of the several witnesses, and I have reached the conclusion that in none of them is the combination of either the first or second claim of the patent in suit to be found. Anticipation of either of these claims has not been shown. The improvement of the patent in suit is one of a high order of merit. The proof is full and convincing that by reason of its automatic and continuous method of operation, in point of economy, and for good results generally, the Duff gas producer of this patent is superior to any previously known gas producer. That the improvement is patentably new and useful is most clearly established. It only remains, then, to inquire whether infringement is shown. Here the case is free from any real difficulty. In all essential particulars the plaintiff's gas producer and the gas producer of the defendant are alike. The defendant has appropriated all the val-

uable features of the patented device, and has combined the constituents in the same way. It is true that the patent in suit shows inclined gratings having plain surfaces, whereas in the defendant's structure the downward surfaces in outline are zigzag, or are formed in steps. This change, however, is purely formal. In principle the two constructions are identical. The mode of operation and the result are the same. This very clearly appears from the evidence, and especially from the testimony of the practical witness H. L. Dixon. Let a decree be drawn in favor of the complainant as respects the first and second claims of the patent.